UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YANISLEIDYS PRAY ESTRADA,

*Petitioner*,

v. Case No. 3:26-cv-2802-JEP-SJH

WARDEN, BAKER COUNTY
DETENTION FACILITY, et al.,

*Respondents*.
_______________________________________/

**ORDER**

Petitioner, a citizen of Cuba who was paroled into the United States on July 19, 2023, is currently detained by the United States Immigration and Customs Enforcement. (Doc. 1 at 2). Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to release her or, alternatively, provide her with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 20–21). She contends, among other things, that her mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*Id.* at 19).

This Court has addressed claims and arguments similar to those raised in this case and has concluded it is bound by the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir.

2026).[1] *See, e.g.*, *Sanchez v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-2242-JEP-SJH, 2026 WL 2794856 (M.D. Fla. Sept. 17, 2026); *Rahmani v. Warden, Baker Cnty. Facility*, No. 3:26-CV-1685-JEP-LLL, 2026 WL 2162799 (M.D. Fla. July 28, 2026); *Martinez-Gil v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-1642-JEP-SJH, 2026 WL 2130714 (M.D. Fla. July 24, 2026); *Padilla v. Mullin*, No. 3:26-CV-1572-JEP-MCR, 2026 WL 2103604 (M.D. Fla. July 22, 2026).[2]

The Federal Respondents also argue that Petitioner failed to exhaust her administrative remedies because she has not requested a bond redetermination hearing before an immigration judge. (*See* Doc. 6 at 5–8). Notably, however, the Federal Respondents classify Petitioner as an "arriving alien" and certify that she is being mandatorily detained under 8 U.S.C.

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] The Federal Respondents' response contains internal contradictions as to whether they believe Petitioner is entitled to a bond hearing. While they concede that, under *Hernandez Alvarez*, Petitioner is "entitled to an individualized bond hearing under 8 U.S.C. § 1226(a)," (Doc. 6 at 2), they also contend that, when her parole terminated, she was "restor[ed] . . . to an applicant for admission subject to mandatory detention, " (*id.* at 4–5). Even if the Federal Respondents did not intend to concede, Petitioner would still be entitled to a bond hearing for the reasons explained in the above-cited cases.

§ 1225(b)(2)(A). (*Id.* at 3–4). They further acknowledge that immigration judges do not have jurisdiction to revisit ICE's initial custody determinations for "arriving aliens," "including previously paroled aliens." (*Id.* at 5 n.1 (citing 8 C.F.R. § 1003.19(h)(2)(i)(B))). Thus, even if Petitioner sought a bond redetermination hearing, an immigration judge likely would deny the request for lack of jurisdiction based on the Federal Respondents' classification of Petitioner. Therefore, based on the facts of this case, the Court rejects the Federal Respondents' exhaustion argument. *See generally McCarthy v. Madigan*, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it"). For the same reasons expressed in this Court's prior cases, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that her mandatory detention without an individualized bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8

[3] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

U.S.C. § 1226(a)[4] or release Petitioner. If Respondents release Petitioner, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on November 6, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

[4] Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).